# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY BAILEY,<br><br>             Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>             Defendant.<br>_____/ | Case No. 1:20-cv-01431-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, LIFTING STAY, AND TRANSFERRING CASE TO THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**<br><br>(Docs. 5 & 6) |

On October 6, 2020, Plaintiff Dorothy Bailey filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act. (Doc. 1.)

On October 7, 2020, the Clerk of Court issued a notice that the proceedings were stayed in this matter pursuant to General Order No. 615 ("G.O. No. 615"). (Doc. 4.) G.O. No. 615, issued April 14, 2020, stays all Social Security actions filed after February 1, 2020, until the Commissioner may begin normal operations at the Office of Appellate Hearings Operations and may resume preparation of a certified copy of the administrative record. *See* E.D. Cal. G.O. No. 615.

In an order to show cause ("OSC") filed on October 9, 2020, this Court noted that while the civil cover sheet indicates Plaintiff's county of residence is Kern County, Plaintiff's complaint and its attachments indicate that Plaintiff resides in Lomita, CA, which is not located within the

jurisdiction of the Eastern District of California.  (*See* Doc. 5.)  The Court directed Plaintiff to show cause as to why this action should not be transferred to the Central District of California, Western Division, pursuant to 42 U.S.C. § 405(g) ("Section 405(g)") (*see* Doc. 5), and Plaintiff timely responded (*see* Doc. 6).

In her response to the OSC, Plaintiff stated that when she originally filed her claim for benefits, she resided in Bakersfield, California, which is within the jurisdiction of the Eastern District of California.  (Doc. 6.)  At some point before a final determination on her claim was made, Plaintiff moved to Lomita, California, her current place of residence.  (Doc. 6.)  Plaintiff's claim continued to be adjudicated in Bakersfield.  (Doc. 6.)

Relying on the general venue provision contained in 28 U.S.C. 1391(b)(2), which provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," Plaintiff contends that venue is proper in this district.  (Doc. 6.)  By its own terms, however, the general venue provision applies "[e]xcept as otherwise provided by law."  20 U.S.C. 1391(a), (e)(1); *accord Fournier v. Johnson*, 677 F. Supp. 2d 1172, 1174–75 (D. Ariz. 2009); *De La Rosa v. Secretary of Health and Human Services*, No. A–17–CV–833–LY, 2018 WL 2944433, at *2 (W.D. Tex. June 12, 2018); *Brown v. Colvin*, Civil Action No. 16-33, 2016 WL 5792777, at *1–2 (W.D. Pa. Oct. 4, 2016).  Section 405(g), under which Plaintiff brought this action, specifically provides that the action must be filed in "the judicial district in which the plaintiff resides."  42 U.S.C. 405(g).  Thus, the general venue provision does not govern.[1]

Pursuant to Section 405(g), because Plaintiff does not currently reside in the Eastern District of California, venue in this district is improper.  *See, e.g.*, *Barrett-Barksdale v. Colvin*, No. 1:14–cv–1480–SKO, 2014 WL 4929444, at *1 (E.D. Cal. Sept. 30, 2014); *Hodgens v. Astrue*, No. 1:12–cv–00471–LJO–SKO, 2013 WL 149587, at *1 (E.D. Cal. Jan. 10, 2013).  Accordingly, this matter shall be transferred to the U.S. District Court for the Central District of California, Western Division.

Based on the foregoing, it is hereby ORDERED that:

1. The order to show cause is DISCHARGED;

---

[1] The Court notes that even if 28 U.S.C. 1391 were controlling in this case, the relevant subdivision would not be (b)(2), as cited by Plaintiff, but instead (e)(1).  The latter subdivision cover actions where the defendant is an officer or employee of the United States, which the Commissioner of Social Security is.  *See* 28 U.S.C. 1391(e)(1).

2. The stay in this matter shall be LIFTED; and

3. The Clerk of Court is DIRECTED to transfer the above-captioned case to the United States District Court for the Central District of California, Western Division.

IT IS SO ORDERED.

Dated:   **October 16, 2020**                             /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE